J-A30022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARVIN HENSON | |
| Appellant | No. 1967 EDA 2014 |

Appeal from the Judgment of Sentence January 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013941-2012

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 14, 2015**

Appellant Marvin Henson appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions for robbery, burglary, criminal mischief, criminal trespass, theft by unlawful taking, receiving stolen property, and simple assault.[1,2]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 3502(c)(1), 3304(a)(2), 3503 (a)(1)(ii), 3921(a), 3925(a), and 2701(a), respectively.  In **Leach v. Commonwealth**, 118 A.3d 1271 (Pa.Cmwlth.2015), the Commonwealth Court held 18 Pa.C.S. § 3503 unconstitutional after the trial court imposed Appellant's judgment of sentence.  Appellant's conviction for criminal trespass did not affect his judgment of sentence.

[2] The trial court also convicted Appellant of summary criminal contempt, 42 Pa.C.S. § 4132(3), which Appellant appeals at Docket Number 2013 EDA 2014.

The trial court set forth the relevant facts of this appeal as follows:

On October 20, 2012, Makial D. Pryor-Hand [("Victim")] was inside his home located at 7310 Elmwood Avenue, in Philadelphia, Pennsylvania. N.T.[,] 10/25/2013[,] at 11. Sometime between 10:45 and 11:30 p.m., while [Victim] was in the basement of his home, he heard the front door to the home open, and then heard footsteps on the floor above him. *Id.* at 11-12. He proceeded up the basement steps to investigate. *Id.* at 13. There, he witnessed [Appellant] standing in his living room. *Id* at 13-14. [Victim] did not know [Appellant]; nor did he give him permission to enter his home. *Id.* at 32.

[Appellant] then pushed and punched [Victim] and a physical altercation ensued, breaking both a dining room table and a mirror hanging on the wall. *Id.* at 15. [Appellant] then grabbed [Victim's] head and pressed his thumbs into his eyes. *Id.* [Victim] fought off [Appellant] and escaped, first to the basement of the home, then to a nearby convenience store in search of help. *Id.* at 16. After returning to the home while the police were present, [Victim] discovered that a 32-inch Vizio television set, a tan and blue workbag, a cell phone, and his mother's pocketbook were all missing from the home. *Id.* at 31. Also, a brown bag with liquor and a 7-11 slurpee cup were found in the home, neither of which belonged to [Victim]. *Id.* at 20.

On the same night as the incident, [Victim's] neighbor, Martha White ([]"Ms. White") heard "scuffing" on the wall that separates the two homes and her dogs began to bark. *Id.* at 48-49. Ms. White went outside to investigate, walked to [Victim's] home and looked into his home through the open front door. *Id.* at 50. There, she witnessed a person "throwing stuff like a madman, tossing stuff from side to side all over the place" inside [Victim's] home. *Id.* at 50. Shortly thereafter, Ms. White then saw a male exiting [Victim's] home carrying a flat screen television and a tan bag. *Id.* at 51. Later that same night, [Appellant] was observed by police walking on the street carrying a 32-inch Vizio television set with blood on his wrist and forehead. *Id.* at 59.

[Appellant] testified at trial that he did, in fact, take the television set and the tan bag from [Victim's] home without permission. *Id.* at 87. Swabs taken by police from the second floor hallway, first floor living room, the 32-inch television, and from the 7-11 cup found in the home matched [Appellant's] DNA profile with a reasonable degree of scientific certainty. *Id.* at 66. [Victim] later identified [Appellant] in photographs and in a video shown to him by police as the man who attacked him inside his home. *Id.* at 28.

Trial Court Opinion, filed November 3, 2014, at 1-2.

On October 25, 2013, after Appellant waived his right to a jury trial, the trial court conducted a bench trial and convicted Appellant of the aforementioned crimes. On January 27, 2014, the court imposed consecutive sentences of one to two years' incarceration for robbery, and four to eight years' incarceration for burglary.[3]

On February 5, 2014, Appellant filed a post-sentence motion to modify sentence, which was denied by operation of law on June 20, 2014. That same day, Appellant filed a notice of appeal. On July 8, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on July 29, 2014.

Appellant raises the following issue for our review:

_____

[3] The court imposed no further sentence for Appellant's simple assault or criminal mischief convictions. His other convictions merged with his robbery conviction for sentencing purposes.

> WAS NOT THE EVIDENCE INSUFFICIENT TO CONVICT
> APPELLANT OF ROBBERY AS A FELONY OF THE FIRST
> DEGREE WHERE THE COMMONWEALTH FAILED TO PROVE
> BEYOND A REASONABLE DOUBT THAT APPELLANT, IN THE
> COURSE OF COMMITTING A THEFT, INFLICTED SERIOUS
> BODILY INJURY UPON THE COMPLAINANT, THREATENED,
> OR PUT THE COMPLAINANT IN FEAR OF IMMEDIATE
> BODILY INJURY?

Appellant's Brief at 3.

Appellant challenges the sufficiency of the evidence for his robbery conviction.[4] He argues that the Commonwealth failed to produce any evidence that Appellant had the requisite intent to commit the theft when he assaulted Victim, and that his conviction for robbery should be vacated. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter

---

[4] Appellant claims in his question presented that the trial court convicted him of robbery, inflicts **serious** bodily injury, pursuant to 18 Pa.C.S. § 3701(a)(1)(i). He was actually convicted of robbery, inflicts bodily injury, pursuant to 18 Pa.C.S. § 3701(a)(1)(iv).

of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted under the following statute:

**§ 3701. Robbery**

**(a) Offense defined.**--

(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \*

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

\* \* \*

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission

18 Pa.C.S. § 3701.

Here, Appellant admits that there is sufficient evidence to support the court's finding that Appellant took many items from Victim's home that did

not belong to him after he assaulted Victim. He argues, however, that he did not have the intent to steal the items while he was assaulting Victim. Victim also testified that after Appellant attacked him, Appellant stole items from his home. The court, as fact-finder, was free to believe all, part, or none of the evidence presented, to weigh the credibility of the witnesses, and to determine, based on the fact that Appellant stole from Victim immediately after he assaulted him, that Appellant had the intent to steal from Victim while he was assaulting him. Viewing the evidence presented in the light most favorable to the Commonwealth as verdict winner, we find there was sufficient evidence to enable the trial court to find every element of robbery beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015